UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENDRICK FISHER (#349524)

VERSUS                                           CIVIL ACTION

WARDEN BURL CAIN, ET AL                          NUMBER 08-618-JVP-DLD

### NOTICE

　　Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

　　In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

　　ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

　　Signed in Baton Rouge, Louisiana, on January 26, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENDRICK FISHER (#349524)

VERSUS                                                                                   CIVIL ACTION

WARDEN BURL CAIN, ET AL                                          NUMBER 08-618-JVP-DLD

SUPPLEMENTAL MAGISTRATE JUDGE'S REPORT

A magistrate judge's report was submitted to the district judge recommending that the petitioner's habeas corpus application be dismissed as untimely pursuant to 28 U.S.C. § 2244(d).[1]  Petitioner filed an objection to the magistrate judge's report.[2]

It is undisputed that the petitioner's conviction became final on January 30, 1997[3] and that the time limit to file a federal habeas corpus application expired two years before the petitioner sought post-conviction relief in the trial court.  Petitioner conceded that his federal habeas corpus application was not timely filed pursuant to 28 U.S.C. § 2244(d)(1)(a) .

In his objection to the magistrate judge's report, the petitioner argued that the court erred by applying  28 U.S.C. § 2244(d)(1)(a), the date on which the petitioner's conviction

---

[1]  Record document number 3.

[2]  Record document number 4.

[3]  Due to a typographical error, the November 25, 2008 magistrate judge's report erroneously stated that the petitioner's conviction became final in 1998 rather than 1997.

1

became final, as the limitation commencement period date, rather than 28 U.S.C. § 2244(d)(1)(D), the date on which the factual predicate of the claim could have been discovered through due diligence.  He argues that pursuant to 28 U.S.C. § 2244(d)(1)(D), the limitations commencement date should be April 5, 2005, the date that he received the letter from the American Board of Pathology, which stated "Alfredo Suarez, M.D. is a diplomate of the American Board of Pathology having been certified in combined Anatomic Pathology and Clinical Pathology effective May 1971.  The certificate is not time-limited." Petitioner insists that the American Board of Pathology letter forms the factual predicate for his constitutional claims, and that if the date he received the letter is used as the limitation commencement date, his § 2254 application would be timely.[4]

Under § 2244(d)(1)(D), the limitations period may begin running from " the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).  Petitioner did not give a date as to when he could have learned of the factual predicate for his claims through the exercise of due diligence.  He admits that he did not seek the information from the American Board of Pathology until March 2005.[5]

The limitations period under § 2244(d)(1)(D) begins when the factual predicate of a claim could have been discovered using due diligence, not when it was actually

---

[4] Petitioner asserted in his § 2254 application that he was denied due process because Dr. Suarez misled the jury into believing he was an expert in Forensic Pathology and Dr. Suarez offered testimony which contradicted his findings in the autopsy report. Petitioner further argued that counsel was ineffective for failing to investigate Dr. Suarez' credentials.

[5] See, Memorandum of Law Supporting Petition.

discovered.  *See* § 2244(d)(1)(D)*;  Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004).  Due diligence means the petitioner must show some good reason why he was unable to discover the facts at an earlier date.  *Melson v. Allen*, 548 F.3d 993, 999 (11th Cir. 2008).  Merely alleging that he did not actually know the facts underlying his claim does not pass the test.  *Id.*  Instead, the inquiry focuses on whether a reasonable investigation would have uncovered the facts the applicant alleges are "newly discovered."  *Id.*

Petitioner was convicted in 1996 but waited over nine years to inquire about Dr. Suarez' certification from the American Pathology Board.  Petitioner failed to show some good reason why he was unable to discover the facts which purportedly form the factual predicate for his claims at an earlier date.

The factual predicate of the petitioner's claims could have been discovered previously through the exercise of due diligence.  Petitioner's federal petition was not timely under 28 U.S.C. § 2244(d)(1)(D).

## RECOMMENDATION

For the reasons set forth in the November 26, 2008 magistrate judge's report, as supplemented herein, it is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Signed in Baton Rouge, Louisiana, on January 26, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**